Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5209
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Attorneys for Creditor Bank of the Pacific

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 20-20081-TLM |
|---|---|
| IDC ENTERPRISES, INC., | Chapter 11 |
| Debtor | |

### MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b)

Secured Creditor Bank of the Pacific, by and through its attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby moves to dismiss this Chapter 11 case filed by Debtor IDC Enterprises, Inc. ("**Debtor**") pursuant to 11 U.S.C. § 1112(b).

**I.
FACTS**

As set forth in the Bank of the Pacific's Objection to Confirmation of Plan of Reorganization For Small Businesses Under Chapter 11 (Dkt. No. 50) ("**Plan Objection**"), the

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 1

58284.0001.13022341.5

Debtor owes the Bank of the Pacific in excess of $345,000 due to the failure to pay one loan at maturity on October 10, 2019 and the failure to make any payments on the second loan since November 15, 2019. The Bank of the Pacific is secured in the Debtor's equipment. No adequate protection payments have been made by the Debtor for the use of the Bank's collateral and from the Trustee's filed report, it appears that not all of the equipment is insured.

On July 14, 2020, this Court denied confirmation of Debtor's Subchapter V, Chapter 11 plan. Dkt. No. 65. At the hearing, counsel for the Debtor admitted that the filed plan (Dkt. No. 50) (the "**Plan**") was not confirmable and informed the Court that the Debtor intended to sell equipment to pay off the obligation owed to Bank of the Pacific and the Internal Revenue Service. Nevertheless, the Debtor was not able to provide any specific details as to timing of such sales and how the proceeds would be generated to move certain equipment in Alaska for the sale.

To the Debtor's credit both the Plan and the Status Report (Dkt. 64) filed shortly before the confirmation hearing were candid about the substantial issues with the record keeping and limited prospects for future business of the Debtor. The Plan, which was filed on May 26, 2020, began by disclosing that the budget and information filed with the Plan were "basically correct." However, Debtor also disclosed substantial bookkeeping issues. Indeed, the Debtor admitted in the Plan that, "Debtor has found it extremely difficult to predict a reliable 12 month operating budget." *See* Plan, p.2. The Debtor went on to set forth in the Plan that "Plan Proponent's financial projections do not show that the Debtor will have projected disposable income. . . for the period described in a §1191(c)(2)(A), because the Debtor's business income is so difficult to predict." *See* Plan, p. 3. Finally, the Debtor disclosed that "since the Debtor is having a great

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 2

deal of trouble producing a 'solid' operating budget, the Plan feasibility is based on the value of the assets it owns . . . shown in the liquidation analysis." *Id.*

The Debtor then described the challenges in the lumber industry with the current pandemic and other factors and its difficulty in obtaining good employees. The Plan stated that Debtor is hopeful the industry and work will improve, however, and that if it does not, Debtor will pivot to "concentrating more on hauling or other aspects" of the lumber industry, but does not provide Debtor's specific plans if this contingency comes to pass, what experience Debtor has in these endeavors, or the likely monthly income that would result from this work or the sources of that income. Further, the "chipper" business suggested in the Plan was similarly devoid of specifics or potential net gain to Debtor in this work. The Plan stated that if Debtor is not able to make the required payments called for under the Plan, Debtor will sell some of its equipment, but provided no mechanism for such sales nor did the Plan provide the dates these sales would be completed.

Despite the Plan Objection being filed on June 30, 2020, by the hearing date of July 16, 2020, there were no proposed details for the intended sale of equipment disclosed at the confirmation hearing, other than all equipment would be listed for sale.

On July 14, 2020, the Debtor filed a "Status Report" (Dkt. No. 64) due to the pending confirmation hearing. In the Status Report, it was disclosed that the Debtor's accountant "is still attempting to reconcile the company books." Thus, despite having five months since the bankruptcy filing (February 27, 2020), the books and records are still not accurate. Additionally, the Debtor since filing the Plan has not provided any detail of the other business activities

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 3

58284.0001.13022341.5

mentioned in the Plan or what the likelihood is for making sufficient money in those activities to fund a future plan.

Indeed, the Chapter 11 trustee's "Status Report" (Dkt. No. 63) stated Debtor has not provided documentation of property insurance on its equipment and vehicles, "which [are] subject to risk of loss", that Debtor has not provided "accurate tax records", that Debtor's business plan "appears to be inconsistent", and that Debtor has failed to file its monthly operating reports for May 2020.

Notably, the most recent filed Operating Report—April 2020, Dkt. No. 49—demonstrated a failing business. The report showed month-over-month losses by Debtor and an ending <u>negative</u> balance of $29,926.00.

Since denial of the Plan confirmation, the Bank of the Pacific requested several times for an update and plan with respect to liquidating the collateral to determine if it could feasibly take place in a reasonable period of time. Specifically Bank of the Pacific asked for information as to when the equipment would be offered for sale, with what broker, when the sale would commence, and other related sale information. Unfortunately, the Debtor failed to respond to those inquiries, necessitating this Motion. Moreover, the U.S. Trustee, Bank of the Pacific, and any other creditor or party in interest for that matter, have no way of knowing how Debtor's business is operating because Debtor has failed to file its required operating reports after the April report.

## II.
## ARGUMENT

**A.     Applicable Law.**

Section 1112 provides grounds for the Court to dismiss a Chapter 11 case. "Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1112(b)(2), referenced above, states that the "court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate, and the debtor or any other party in interests establishes that—(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections to not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) [substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation]— (i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(2).

In turn, § 1112(b)(4) provides a non-exclusive, disjunctive list of what constitutes cause for dismissal. *In re Jayo*, 2006 WL 2433451, *5-6 (Bankr. D. Idaho 2006). On this non-exclusive, disjunctive list is: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"; "gross mismanagement of the estate";

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 5

"failure to maintain appropriate insurance that poses a risk to the estate or the public"; "unexcused failure to satisfy timely any filing or reporting requirement . . . ."; and "failure . . . to file or confirm a plan, within the time fixed by this title or by order of the court". 11 U.S.C. § 1112(b)(4)(A), (B), (C), (F), and (J).

With respect to § 1112(b)(4)(A)—substantial or continuing loss to the estate—as particularly apt here, the purpose of this section is to "'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'" *Rand v. Porsche Fin. Servs., Inc. (In re Rand)*, 2010 WL 6259960, at *4 (9th Cir. BAP 2010) (quoting *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 516 (8th Cir. 2004)). Moreover, as this Court has noted the issue of rehabilitation under § 1112(b)(4)(A) "is not a technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Wallace*, 2010 WL 378351, at *4 (Bankr. D. Idaho 2010).

Upon determining "cause" exists, the second question for the Court is whether the case should be dismissed or converted based on which of these alternatives is "in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). When determining this issue the court must consider the interests of all creditors. *Shulkin Hutton, Inc. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009). As summarized by *In re Rand*, courts have looked to multiple factors to determine the best interests of creditors and the estate. *See In re Rand*, 2010 WL 6259960, at *10 (identifying the ten factors courts have used to evaluate this issue as relayed by the Collier treatise); *see also* 7 COLLIER ON BANKRUPTCY ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (listing the ten factors).

B.  Application of Law to the Facts of This Case.

Bank of the Pacific respectfully submits that applying the § 1112(b) principles to this case results in the conclusion that "cause" is present to dismiss this case. To begin, the April 2020 Monthly Operating Report discloses month-over-month losses by Debtor and a negative balance of over $29,000. This is proof of a "substantial and continuing loss" to the estate—and the only evidence of Debtor's financial performance since April 2020. What is more, the Plan admittedly provided no prospect for a reasonable likelihood of rehabilitation. In that regard, the Debtor admitted: (i) its books and records are not reliable, and according to its Status Report are still not reliable; (ii) its business income is questionable at best in the times of this pandemic; (iii) its having trouble obtaining and maintain good employees; and (iv) it will "pivot" to new endeavors if the industry remains economically unsound, but provides no actual projections as to what this will net to Debtor to pay creditors under a future plan. This—in Debtor's own words—is the quintessential "gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation" as noted by the BAP in *In re Rand*. The Debtor has not provided this Court or any of the parties in interest a reason to believe there is a basis to continue the reorganization efforts here. Based on § 1112(b)(4)(A) alone, then, "cause" is present to dismiss this case.

"Cause" is also present under 1112(b)(4)(B)—gross mismanagement of the estate. Debtor has shown month-over-month losses in its operating reports, as evidenced by the last one filed for April 2020. Debtor has further failed to report to this Court or its creditors or the U.S. Trustee how its business is operating since April 2020, because it has not filed its required monthly operating reports. In addition, and as related to the "cause" discussed in the following paragraph, Debtor has admitted that not all of its equipment is insured. Moreover, due to the

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 7

issues with the books and records, the Debtor cannot reasonably project its business earnings going forward. All of these factors demonstrate a showing of gross mismanagement of the estate, and "cause" is thus established under § 1112(b)(4)(B).

"Cause" is also present based on § 1112(b)(4)C. As stated above, and as corroborated by the Trustee's Status Report, Debtor has not insured all of its equipment, which is Bank of the Pacific's collateral. Such uninsured equipment creates a risk of loss to the estate. Based on §1112(b)(4)(C), "cause" is established to dismiss this case.

"Cause" is also present under § 1112(b)(4)(F). Debtor has not filed operating reports, as it is required to do so, since the April 2020 Monthly Operating Report, filed in May 2020. This is grounds to dismiss the case under § 1112(b)(4)(F). *See In re Hoyle*, 2013 WL 210254, at *10 (Bankr. D. Idaho 2013) (holding this failure to file operating reports without explanation or excuse is a failure to satisfy the debtor's duties under chapter 11).

Finally, "cause" is present under § 1112(b)(4)(J). Debtor's Plan, filed within the deadline stated in § 1189, was denied confirmation at the hearing on July 14, 2020. Debtor has no current plan filed before the Court and the deadline of § 1189 is passed. Therefore, because Debtor has not filed its plan within the deadline stated in that section, and the Court declined to expressly provide further time for filing a plan in this case, "cause" is present to dismiss this case under § 1112(b)(4)(J).

As to whether a conversion or dismissal is warranted, Bank of the Pacific would request a dismissal; to avoid any further delay and risk to the collateral. There have been only a few creditors that have filed claims and there has been no indication by any of the creditors that they would prefer or benefit from the bankruptcy proceedings continuing.

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 8

Finally, there are no "unusual circumstances establishing that dismissing the case is not in the best interest of creditors and the estate" here, and Debtor is not a farmer, nor a corporation that is not a moneyed business or a commercial corporation (11 U.S.C. § 1112(c)).

## III.
## CONCLUSION

Based on the above, Bank of the Pacific respectfully submits and requests that this case be dismissed.

DATED THIS 23rd day of July, 2020.

                HAWLEY TROXELL ENNIS & HAWLEY LLP

                By /s/ Sheila R. Schwager
                Sheila R. Schwager, ISB No. ISB No. 5059
                Attorneys for Creditor Bank of the Pacific

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 9

58284.0001.13022341.5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2020, I electronically filed the foregoing **MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b)** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| D. Blair Clark | dbc@dbclarklaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Gary L. Rainsdon | trustee@filertel.com |
| Randall A. Peterman | rap@givenspursely.com |

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail**:

*All parties as indicated on the attached mailing matrix*

_____
Sheila R. Schwager

MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO § 1112(b) - 10

58284.0001.13022341.5

```
Label Matrix for local noticing          Alaska Department of Revenue           Alaska National Insurance Company
0976-3                                   655 F Street                           c/o Diane F. Vallentine
Case 20-20081-TLM                        Anchorage, AK 99501-3533               Jermain Dunnagan & Owens, P.C.
District of Idaho                                                               3000 A Street, Suite 300
Moscow                                                                          Anchorage, AK 99503-4040
Wed Jul 22 15:18:08 MDT 2020

Alaska Power & Telephone                 Amur Equipment Finance                 Andrews Properties
PO Box 3222                              308 N Locust Street                    710 S Washington Avenue
Port Townsend, WA 98368-0922             Suite 100                              Emmett, ID 83617-3584
                                         Grand Island, NE 68801-5985


Bank of the Pacific                      Bank of the Pacific                    Bank of the Pacific
c/o Sheila R. Schwager                   Attn: Denise Portmann, Pres            c/o Sheila R. Schwager
c/o Hawley Troxell Ennis & Hawley LLP    1216 Skyview Drive                     Hawley Troxell Ennis & Hawley LLP
PO Box 1617                              Aberdeen, WA 98520-1067                P.O. Box 1617
Boise, ID 83701-1617                                                            Boise, ID 83701-1617


Brett R Cahoon                           D Blair Clark                          Diesel & Machine, Inc
OFFICE OF THE US TRUSTEE US DEPT         967 E. Parkcenter Boulevard #282       227 20th Street North
720 Park Blvd., Ste. 220                 Boise, ID 83706-6721                   Lewiston  ID 83501-1638
Boise, ID 83712-7785


Eli Rad                                  Feenaughty Machinery                   Feenaughty Machinery Co
Rad Mulching & Fire Reduction LLC        4800 NE Columbia Blvd                  P.O. Box 13279
614 Peasley Street                       Portland, OR 97218-1224                Portland, OR 97213-0279
Cottonwood, ID 83522-5066


IDC Enterprises, Inc.                    Idaho State Tax Commission             Internal Revenue Service
450 White Bird Street                    P.O. Box 36                            PO BOX 7346
Grangeville, ID 83530-6005               800 Park Blvd                          Philadelphia, PA 19101-7346
                                         Boise, ID 83722-0036


JDO Law                                  Jason Lunders                          LES SCHWAB TIRE CENTERS OF WASHINGTON, INC.
c/o Diane F. Vallentine                  450 White Bird Street                  PO BOX 5350
3000 A Street Suite 300                  Grangeville, ID 83530-6005             BEND, OR 97708-5350
Anchorage AK 99503-4040


Les Schwab Corp Office                   Annette Moore                          David Wayne Newman
PO Box 5350                              Bookkeeping Plus                       OFFICE OF THE US TRUSTEE US DEPT
Bend, OR 97708-5350                      4855 S Ten Mile Rd                     405 South Main Street, Suite 300
                                         Meridian, ID 83642-6842                Salt Lake City, UT 84111-3402


Randall A Peterman                       Petro 49, Inc.                         Gary L Rainsdon
Givens Pursley LLP                       dba Petro Marine Servcie               POB 506
601 W. Bannock St.                       PO Box 9                               Twin Falls, ID 83303-0506
P.O. Box 2720                            Craig, AK 99921-0009
Boise, ID 83701-2720


Sheila Rae Schwager                      Sheila Schwager                        Sheila Schwager, Atty
HAWLEY TROXELL ENNIS and HAWLEY LLP      Hawley Troxell                         Hawley Troxell
POB 1617                                 PO Box 1617                            PO Box 1617
Boise, ID 83701-1617                     Boise, ID 83701-1617                   Boise, ID 83701-1617
```

```
US Trustee                          Viking Lumber Company          Viking Lumber Company, Inc.
Washington Group Central Plaza      PO Box 670                     Givens Pursley LLP
720 Park Blvd, Ste 220              Craig, AK 99921-0670           c/o Randall A. Peterman
Boise, ID 83712-7785                                               601 W. Bannock St.
                                                                   P.O. Box 2720
                                                                   Boise, ID 83701-2720

Viking Lumber Company, Inc.
120 East First Street
Aberdeen, WA 98520-5246
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Gary L Rainsdon                  End of Label Matrix
POB 506                             Mailable recipients    33
Twin Falls, ID 83303-0506           Bypassed recipients     1
                                    Total                  34
```