D. Blair Clark
LAW OFFICES OF D. BLAIR CLARK PC
967 E. Parkcenter Blvd., #282
Boise, ID 83706
Telephone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
Idaho State Bar # 1367
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**IDC ENTERPRISES, INC.**<br><br>Debtors | Case No. 20-20081-NGH<br><br>Chapter 12<br><br>TO:   BANK OF THE PACIFIC<br>         C/O Sheila Schwager, Attorney |

**OBJECTION TO CLAIM, MOTION FOR DETERMINATION OF SECURED STATUS, AND MOTION FOR CLASSIFICATION OF CLAIM, AND NOTICE**

<u>No Objection.</u>   The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 30 days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection.</u>   Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

<u>Hearing on Objection.</u>   The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Debtor, and move for an Order determining the allowance or disallowance of the claims set forth herein, for determination of the secured value of such claims, and for determination of the classification of such claims and the extent of the secured status

OBJECTION TO CLAIMS, MOTION FOR DETERMINATION AND NOTICE --1

thereof, for the following reasons:

1. These Objections and Motions are filed pursuant to FRBP 3007, 3012 and 3013, 11 USC §§506 and 1111(a), and LBR 3007.1.

2. Debtor has filed its proposed Chapter 11 Plan herein, to be set for confirmation.

3. Debtor has filed schedules in this case. Pursuant to 11 USC §1111(a), the claims that appear in the schedules are deemed filed except for such claims as may be filed by the creditors themselves. A description of the property, the value, the claim scheduled, the proof of claim as may have been filed (if any), and the Debtor's opinion of the secured status of such claim are shown below.

4. Debtor requests this Court to determine the "Allowed Secured Claim" for each creditor holding a claim purportedly secured by a lien on the property described below. The "Allowed Secured Claim" is defined in 11 USC §506 as a secured claim to the extent of such creditor's interest in the estate's interest in such property, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Therefore, any portion of the debt owed to a creditor in excess of the "Allowed Secured Claim" will be treated in this case as an unsecured claim. An order setting the secured portion of a claim, at less than the total amount of the entire claim, voids the creditor's lien to the extent of the unsecured portion of the claim. <u>This is the amount for purposes of the treatment of the allowed secured claim, and the unsecured claim, proposed in the Chapter 11 Plan.</u> Values and claim amounts below are rounded to the nearest dollar. If there is no data in the "Amount Claimed" or "Claim No." box, no claim was filed.

Moreover, this creditor claims a security interest in "All Equipment." Debtor has always denied this allegation and reiterates such denial herein. The security interest was *never* to encompass more than certain specified and designated items of equipment which were to be used in Debtor's operations for Viking Lumber Company in the State of Alaska. Debtor believes that the creditor wrongfully claims 'all equipment,' and that the Court should limit its security interest to the actual items intended to be secured.

<u>Any footnotes are an essential part of this Motion and Objection. Please read this document carefully.</u>

OBJECTION TO CLAIMS, MOTION FOR DETERMINATION AND NOTICE --2

| Creditor | Property | Est. Value | Claim no. | Allowed secured claim | Unsec. claim |
|---|---|---|---|---|---|
| Bank of the Pacific c/o Sheila Schwager Hawley Troxell Ennis & Hawley | Two John Deere 2054 logging machines with Waratah HTH 662B attachments; | $200,000 ($100,000 Each) | 5 | $344,315.58 | $0.00 |
| | • Kobelco 330 with Waratah felling head; | $85,000 | | | |
| | • Kobelco 290 yarder with Yoder winches and gear; | $180,000 | | | |
| | • Linkbelt 290 with attachments | $90,000 | | | |
| | • Linkbelt 3400 with attachments. | $45,000 | | | |
| | **TOTAL** | **$600,000** | | | |

DATED this 21st day of September, 2020

OBJECTION TO CLAIMS, MOTION FOR DETERMINATION AND NOTICE --3

LAW OFFICES OF D. BLAIR CLARK PC

__/s/ _____
D. Blair Clark, Attorney for Debtors

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the 21st day of September, 2020, directed to the creditor above named, at the address of its counsel of record, and to all other registered participants, by ECF, as follows:

Sheila Schwager
Brett Cahoon
US Trustee
Gary Rainsdon, Trustee
Randy Peterman


_/s/_____
D. Blair Clark

OBJECTION TO CLAIMS, MOTION FOR DETERMINATION AND NOTICE --4